JUANA BORRÁS GINART, CATALINA y JOSÉ HERNÁNDEZ BORRÁS, BARTOLOMÉ SALVÁ y JULIA, JUAN, MODESTA y ANTONIO SALVÁ y MARIÉN, demandantes y apelantes, v. FRANCISCO y MARÍA ANTONIA RAMÍS y BORRÁS; ONOFRE SOLANO MENDOZA y MANUEL, ELOY, JOSEFA, JUANA y MARÍA DE LAS MERCEDES JUNCOS y LÓPEZ, representados por su madre LAURA LÓPEZ, demandados y apelados.

No. 2433.—*Visto:* Junio 2, 1925. *Resuelto:* Julio 26, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES PRESENTADAS PARA REVISIÓN—REVISIÓN LIMITADA POR EL PROPIO RÉCORD—OMISIONES QUE IMPIDEN CONSIDERAR LAS CUESTIONES LEVANTADAS.—Si un mandamiento de ejecución por el cual se vendieron unas fincas en un juicio ejecutivo fué expedido o no con permiso de la corte es cuestión que no puede considerarse en apelación cuando de los autos—en acción en que se alega la nulidad de tal venta—no aparece copia de dicho documento.

2. EJECUCIÓN—VENTA—ACCIÓN SOBRE NULIDAD DEL PROCEDIMIENTO QUE LA PRODUJO—FUNDAMENTOS DE NULIDAD—CITACIÓN DE PARTES.—No procede declarar la nulidad de un juicio ejecutivo que produjo la venta de unas fincas por no haberse citado en dicho juicio a unos menores, cuando dichos menores no eran parte en el mismo ni son herederos de una de las partes demandadas en dicho juicio ejecutivo.

3. HIJOS NATURALES—BIENES—DERECHOS SUCESORIOS POR LA LÍNEA PATERNA—DERECHO A HEREDAR A LOS PADRES LEGÍTIMOS DEL PADRE NATURAL.—Los hijos naturales de un heredero de una persona que premurió a su madre legítima no tienen derecho a la herencia de ella.

4. EJECUCIÓN—VENTA—ACCIÓN SOBRE NULIDAD DEL PROCEDIMIENTO QUE LA PRODUJO—FUNDAMENTOS DE NULIDAD—CITACIÓN DE PARTES.—En este caso se solicitó la nulidad de un juicio ejecutivo, entre otros motivos, por la falta

de citación de una parte en aquél, que estaba ausente. *Se resolvió:* que habiéndose citado ella como disponía la Ley de Enjuiciamiento Civil Española entonces vigente, para el caso de ignorado paradero, no existía la nulidad alegada.

SENTENCIA de *R. Cuevas Zequeira,* J. (Humacao), declarando sin. lugar la demanda, con costas. *Confirmada.*

*Manuel Tous Soto, Rafael Arce Rollet* y *V. M. Fernández,* abogados de los apelantes; *Francisco González,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este pleito y su apelación han seguido el curso de. otro pleito y de su apelación con el número 2435 de este tribunal, por tratarse en ellos de cuestiones análogas y perseguirse consecuencias de un mismo acto inicial; pleito que comenzado en 1916 fué fallado cuatro años después, celebrándose la vista de la apelación a los cinco años por las sucesivas suspensiones de vista solicitadas, casi todas por los apelantes, lo que nos demostraba que las partes no tenían gran prisa en la resolución de su apelación y por eso dimos preferencia a otros asuntos para su despacho. En estos días ha sido transado el otro pleito No. 2435 que era primordial por envolver cuestiones más fundamentales e importantes que las del presente pleito y por tanto pasaremos a resolver esta apelación.

La mercantil de San Juan B. Borrás Hermanos fué declarada en quiebra en 1875 siendo uno de sus acreedores don Guillermo Ramís por diez mil pesos de la moneda entonces circulante. Esa sociedad llegó a un arreglo con sus acreedores y en el año 1876 don Bartolomé Borrás, uno de sus socios, garantizó el pago a sus acreedores en los once años siguientes, hipotecándoles su hacienda Santa Catalina radicada en Caguas. Diecisiete años después, muerto don Bartolomé Borrás, su viuda doña Gerónima Ginart y las dos hijas de ese matrimonio, nombradas Juana y Catalina Borrás Ginart otorgaron en 1893 escritura pública en la que sin perjuicio de la garantía hipotecaria que tenían don Fran-

cisco y doña María Antonia Ramís como herederas de su padre don Guillermo Ramís por la hipoteca constituída en 1876 por don Bartolomé Borrás a favor de los acreedores de B. Borrás Hermanos, les hipotecaron dos fincas, una de 60 cuerdas y otra de 76 cuerdas con 77 centavos para garantizarles la cantidad de 7,300 mejicanos, resto de su acreencia de diez mil pesos, ofreciendo pagarlos en siete años con el interés de ciento treinta pesos españoles por trimestres adelantados y declarando al mismo tiempo subsistente la hipoteca sobre la hacienda Santa Catalina constituída por su padre don Bartolomé Borrás, la que hicieron extensiva a los intereses que se obligaron a pagar a la Sucesión Ramís. Doña Gerónima Ginart murió en 1896 y en 1903, estando insoluta esa deuda, los hermanos Ramís presentaron demanda para su cobro en la Corte de Distrito de Humacao por el procedimiento ejecutivo de la Ley de Enjuiciamiento Civil Española entonces vigente y dirigieron su acción contra doña Juana y doña Catalina Borrás Ginart como herederas de don Bartolomé Borrás; contra las mismas como herederas de doña Gerónima Ginart; contra Juan Salvá Ginart, hijo del primer matrimonio de doña Gerónima Ginart; contra Bartolomé Salvá Santiago, como representante de los derechos de su padre Antonio Salvá Ginart, muerto en 1893 antes que su madre doña Gerónima; y contra don Pascual Borrás como liquidador de B. Borrás Hermanos. En ese ejecutivo fueron notificados personalmente y requeridos de pago los demandados menos Juan Salvá y Bartolomé Salvá, por estar ausentes en ignorado paradero, pero su citación y requerimiento de pago fué hecha en sus nombres a los otros demandados y también por edictos publicados en un periódico y en el sitio público de costumbre. En ese ejecutivo se dictó sentencia de remate el 1 de julio de 1903 contra bienes de los demandados para hacer efectiva la deuda reclamada, pero en virtud de una orden de *injunction* quedó paralizado su cumplimiento hasta el 12 de junio de 1905 en cuya fecha, vigente la ley de 9 de marzo de 1905 sobre sentencias y manera de

satisfacerlas, ordenó la corte que el márshal hiciera que se pagasen a los ejecutantes los $4,710.74 reclamados y reconocidos por la sentencia con bienes de los deudores, particularmente con las dos fincas de 60 cuerdas y de 76 cuerdas 77 centavos ya embargadas y que si esos bienes no fuesen bastantes procediese contra cualquier otra propiedad de los demandados. El márshal vendió en pública subasta las dos fincas de 60 cuerdas y 76 cuerdas 77 centavos y no alcanzando el precio obtenido a cubrir el crédito ejecutado embargó y vendió la hacienda Santa Catalina en el año 1905. De una escritura pública del año 1909 resulta que por virtud de una orden de ejecución librada en dicho ejecutivo el márshal embargó y adjudicó a los hermanos Ramís seis fincas: una de 22 cuerdas 66½ centavos; otra de 53 cuerdas; otra de 14 cuerdas; otra de 20, otra de 15 y otra cuyo número de cuerdas no se consigna en la demanda, venta que fué inscrita en el registro de la propiedad el 11 de noviembre de 1911. En 13 de enero de 1911 los Ramís vendieron dos de esas seis fincas a los menores Juncos López que fueron inscritas en el año 1914; y en 30 de mayo de 1916 vendieron otras dos de esas fincas a Onofre Solano.

Después de esos hechos Juana Borrás Ginart; José y Catalina Fernández Borrás como herederos de su madre Catalina Borrás Ginart; Bartolomé Salvá y cuatro menores de edad apellidados Salvá Marién representados por su madre, y como herederos de Antonio Salvá Ginart, demandaron a los hermanos Ramís, a los menores Juncos López y a Onofre Solano. En esa demanda origen de este pleito se relacionan algunos hechos expuestos al principio pues otros resultan de las pruebas presentadas en el juicio y se reclama que les sean entregadas a los demandantes las seis fincas últimamente vendidas en el expresado juicio ejecutivo, alegando que éste es nulo, 1°. porque después de ser vendidas varias fincas en el ejecutivo en 1905 los ejecutantes, en el año 1909 y sin mediar orden de la corte obtuvieron del Secretario de la misma nueva orden de ejecución habiéndose vendido el 30

de septiembre de ese año en subasta las seis fincas objeto de
este pleito; 2°. porque los demandantes Salvá Marién no fue-
ron citados en dicho ejecutivo ni comparecieron en él; y por-
que Bartolomé Salvá estaba ausente y no fué citado ni em-
plazado en dicho juicio.

Los demandados opusieron varias defensas en oposición
a la demanda y celebrado el juicio fué declarada sin lugar
la demanda, contra cuyo fallo interpusieron los demandantes
este recurso de apelación. Después de interpuesta la ape-
lación desistieron los apelantes de su recurso en cuanto a
Onofre Solano por lo que nuestra decisión se referirá única-
mente a los menores Juncos López y a los hermanos Ramís.

[1] No resulta de los autos que la orden de ejecución con
la cual el márshal vendió las seis fincas que motivan este
pleito fuese expedida sin permiso de la corte en el año 1909,
cuatro años después de vendidas las otras fincas, como se
alega en la demanda, pues todo lo que aparece en las prue-
bas es una muy ligera reseña de la escritura pública de 30
de septiembre de 1909 de venta de esas seis fincas otorgada
por el márshal a favor de los hermanos Ramís en la que se
dice que se expidió a dicho funcionario un mandamiento de
ejecución pero cuyo mandamiento no se copia, por lo que igno-
ramos si fué expedido o no por orden de la corte y por tanto
no tenemos base para considerar la primera cuestión pro-
puesta por los demandantes.

[2, 3] Y en cuanto al motivo de nulidad por no haber
sido citados los menores Salvá Marién en el ejecutivo que
produjo la venta de esas fincas, tenemos que decidir que ellos
no eran parte en dicho ejecutivo como herederos de doña
Gerónima Ginart, ni tampoco tienen derecho a promover el
presente pleito, porque siendo ellos hijos naturales de An-
tonio Salvá Ginart, que premurió a su madre legítima doña
Gerónima Ginart, no tienen por ser tales hijos naturales
derecho a la herencia de dicha señora de acuerdo con el ar-
culo 943 del Código Civil Español vigente a la muerte de

doña Gerónima, y según ha sido resuelto en el caso de *Soriano v. Rexach,* 23 D.P.R. 573.

[4] Con respecto al otro motivo fundado en la falta de citación del ausente Bartolomé Salvá Santiago, no existe la nulidad que se alega porque él fué citado como disponían en los juicios ejecutivos los artículos 1442 y 1458 de la Ley de Enjuiciamiento Civil para el caso de ignorado paradero, haciéndose la citación y el requerimiento de pago en su nombre a los otros demandados que se hallaban encargados de los bienes, y publicándose edictos en periódicos y en sitio público de costumbre para su citación.

*Por las razones expuestas la sentencia apelada debe ser confirmada.*